**NORTHWEST AIRLINES, INC.,**
Plaintiff,

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS, AFL–CIO, and its Northwest District Lodge No. 143, et al., Defendants.**

No. 4–60–Civ.–172.

United States District Court
D. Minnesota,
Fourth Division.

July 18, 1960.

Henry Halladay, Minneapolis, Minn., for plaintiff.

Solly Robins, St. Paul, Minn., and Louis Pabst Poulton, Washington, D. C., for defendants.

DEVITT, Chief Judge.

Plaintiff seeks to enjoin the defendants, who represent the flight engineers employed by Northwest Airlines, from striking or refusing to accept additional training in connection with the soon-to-be inaugurated flights of pure jet aircraft. The plaintiff desires to qualify the engineers for a commercial pilot's certificate and instrument rating.

The defendants claim that this effort by plaintiff is a major departure from their past work responsibilities, and, in effect, will abolish the flight engineers as a class and involuntarily merge their group with the pilots' association with consequent loss of seniority and other benefits. They claim the controversy is a major dispute, not subject to compulsory settlement under the provision of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., and that it must be settled by collective bargaining between the parties.

No restraining order has been issued in this case. The only motion before the Court is for a preliminary injunction. By accompanying order, I have denied it principally because no exigency has been shown to exist; no irreparable harm appears apparent if the motion is denied.

The propriety of the denial is embellished by my view that, regardless of the terminology employed to describe the controversy here, the basic question is whether there shall be 3 pilots or 2 pilots and a flight engineer on the flight deck of pure jet aircraft. I think that issue is properly one for managerial decision, but the making of it so alters the existing responsibilities and duties of flight engineers as to establish a new relationship between airline and engineer, the limits and details of which should be determined by collective bargaining between the parties. A major, not a minor change is contemplated. Disagreement concerning the new relationship is a major, not a minor dispute, and in this situation the Federal Court is without authority to issue an injunction.